UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24781 BLOOM/Torres

GLYNDA HOLCOMB,

    Plaintiff,

v.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, et al.,

    Defendants.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon a review of *pro se* Plaintiff Glynda Holcomb's ("Plaintiff") Complaint, ECF No. [1]. Plaintiff has also filed a Motion for Leave to Proceed in Forma Pauperis, and a Motion for Referral to the Volunteer Attorney Program, ECF Nos. [3],[5]. For the reasons that follow, Plaintiff's Complaint is dismissed without prejudice and the remaining Motions are denied as moot.

    **I.   BACKGROUND**

Plaintiff filed her Complaint against certain entities, alleging she was discriminated against at various career centers in Miami-Dade Country between November 2019 and February 2020. Plaintiff was prompted to visit the career centers to apply for jobs for the then-upcoming Superbowl LIV. However, Plaintiff alleges she was discriminated against based upon strategic exclusion in hiring practices, and she was never called upon to work during the Superbowl LIV.

## II.     LEGAL STANDARD

### a.  Pro se

Because Plaintiff is a pro se litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

### b.  Shotgun Pleading

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). One type of shotgun pleading complaint is one that is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1322. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Id*. Such a shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366 (11th Cir. 1996).

Case No. 23-cv-24781 BLOOM/Torres

Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Est. Mortg. Network, Inc. v. Cadrecha*, No. 8:11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

## III.   DISCUSSION

### A.   The Complaint is a shotgun pleading

Plaintiff's Complaint is a quintessential shotgun pleading in violation of Rule 8(a)(2). The Complaint is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. Plaintiff brought this action against the Equal Employment Opportunity Commission ("EEOC"), the South Florida Workforce Investment Board of South Florida ("Workforce Investment Board"), and CareerSource of South Florida and Miami-Dade ("CareerSource") for events that took place between November 2019 and February 2020 when seeking employment at various career centers within Miami-Dade County.

The Complaint consists of five counts and the allegations include: failure of the Workforce Investment Board and CareerSource to use reasonable care to protect against civil rights violations and discriminatory acts against protected class members; past and potential future employment discrimination, retaliation, and hiring exclusion across the State of Florida; loss of equal opportunities in employment due to "blowing the whistle." *See generally* ECF No. [1].

In Count I, titled Right to Sue Claim, 21 U.S.C. § 1983, 42 U.S.C. § 1983; Title VI, Title VII, Plaintiff alleges a liaison for CareerSource "yelled and cursed at" another person assisting job applications for allowing her into a room designated for job seekers. *Id*. at 4. Plaintiff alleges CareerSource and the Workforce Investment Board have a general disregard for "the lives of those in contrast to their own" and therefore failed to use reasonable care to protect against the civil rights violations she experienced, witnessed, or believed could have occurred. *Id*. Plaintiff then

3

references the Whistleblower Enhancement Act of 2017 without indicating what facts may apply or why it is applicable. *Id*.

In Count II, bearing the title Employment/Applicant Discrimination 42 U.S.C 2000d, Plaintiff alleges that "Defendant Miami-Dade County" has been contacted regarding a separate complaint on human rights, and "negligently violated one's official duty. Reasonable care is mandatory." *Id*. at 8-9. Miami-Dade County is not a named defendant in this action. Moreover, it remains unclear what actions *are* directed against the named Defendants in this action.

In Count III bearing the title Negligent Hiring and/or Negligent Supervision, Plaintiff asserts an illegal conspiracy existed between the Miami District EEOC Office and the County's attorneys to abandon her EEOC complaint. *Id*. at 9. Plaintiff has failed to allege facts that satisfy the elements for a cause of negligent hiring. *Id*. at 6.

In Plaintiff's Count IV for EEOC Violations, Plaintiff argues that "Defendant EEOC's sovereign immunity is subject to removal due to Plaintiff's participation in an employment discrimination proceeding." *Id*. at 9-10. Plaintiff alleges, ostensibly due to her EEOC complaint, that she "began to experience intimidation, harassment, verbal attacks, and other heinous acts aboard public transportation, in public spaces" some of which were captured on video. *Id*. Those allegations are plainly unrelated to the any potential claim or Defendant in this action. Plaintiff never attempts to connect the alleged harassment to any entity named in her Complaint. Instead, she simply asserts she experienced some harassment in public. This is precisely the type of shotgun pleading that the Eleventh Circuit has repeatedly condemned, producing counts "with factual allegations [and legal conclusion] that could not possibly be material to [them]. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added).

Finally, Plaintiff's Count V: Violations of Fair Employment Practices and Rights per 42 U.S.C. § 1201, Plaintiff alleges that she was never contacted to work, and her earlier complaints with the EEOC and the Commission on Human Rights of Miami-Dade County were mishandled. *Id*. at 13. Plaintiff alleges that the entities behaved with deliberate indifference to her constitutional rights and argues that "[p]rompt payment of damages is required when such actions are made plain." *Id*.

In Plaintiff's prayer for relief, she seeks "all appropriate relief at law and in equity;" injunctive relief, potentially garnishing Miami-Dade County, and compensatory, punitive, and special damages. *Id*. at 21. Plaintiff attached an "Initial Schedule of Settlement Conference" wherein she seeks a "formal investigation, research, and findings into the discriminatory hiring practices" and indicates that a "one-time lump sum payment of $500 Million USD would be great." ECF No. [1] at 21. The Initial Schedule is apparently from a prior case already dismissed as it predates the filing in this action, and names another judge in its header. *Id*. at 19-22.

At bottom, the Complaint fails to specify which claims are asserted against which Defendant. Additionally, Plaintiff relies on conclusory statements rather than factual allegations without connection to either a related law or the entities she has named. She notes one liaison yelled at another, she was harassed by unnamed persons in public, and the allegations of conspiracy between the EEOC and Miami-Dade are not connected to any of the claims stated. Noting that Plaintiff is filing *pro se*, her Complaint has been held to a less stringent standard than one submitted by counsel. *Jones v. N.L.R.B.*, 675 F. App'x 923, 925 (11th Cir. 2017). Nevertheless, Plaintiff's Complaint fails as a shotgun pleading and is due for dismissal.

**B. Plaintiff's record of meritless filings**

The Court notes that Plaintiff has filed numerous complaints based on the same core set of allegations in this district previously. On December 13, 2021, Plaintiff filed a complaint in Case

5

No. 21-cv-24322, *Holcomb v. EEOC et al.*; this case was initially dismissed on December 17, 2021. ECF No. [6] Plaintiff filed an Amended Complaint on January 5, 2022, which that court permitted, but the case was dismissed again on June 15, 2022, for failure to perfect service. ECF Nos. [8, 22].

On May 17, 2022, Plaintiff again filed a complaint in this district, 22-cv-21530, *Holcomb v. EEOC, et al.* alleging employment discrimination based upon her race and disability. Therein, Plaintiff sought relief including "a one-time $500 Million United States Dollar Settlement." ECF No. [1] at 10. This case was dismissed without prejudice on June 10, 2022, for failure to state a claim. ECF No. [6]. Plaintiff's next case, 23-cv-22362, *Holcomb v. EEOC, et al.*, initially filed on June 26, 2023, was dismissed on November 6, 2023. ECF No. [41].

On December 4, 2023, Plaintiff filed another complaint based on the same core set of allegations, *Holcomb v. EEOC et al*, Case No. 23-cv-24571. On December 6, 2023, this case was dismissed without prejudice as a shotgun pleading. ECF No. [7]. On December 6, 2023, Plaintiff was advised in the order dismissing her complaint in 23-cv-24571, that "continued filing of meritless lawsuits could be grounds for th[e] Court to impose sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure." *See Holcomb v. EEOC, et al.*, No. 23-24571-CIV-Altonaga, at 3 n.2 (citing *Copemann v. Fundenburg*, No. 10-cv-00229, 2011 WL 5248106, at *3 (N.D. Fla. Oct. 3, 2011)). On December 18, 2023, Plaintiff filed an amended complaint in the case which had just been closed, 23-24571-CIV-Altonaga, along with various motions. *See* ECF Nos. [8-12]. Despite the explicit warning that continued meritless filings could be grounds for imposing a filing sanction, Plaintiff initiated this action and filed her Complaint in this Court, 23-cv-24781 on the same date, December 18, 2023. This Court now warns Plaintiff, for the second time, that the continued filing of meritless lawsuits will be grounds for the Court to impose sanctions pursuant

to Rule 11 of the Federal Rules of Civil Procedure.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint**, ECF No. [1]**, is **DISMISSED WITH PREJUDICE.**

2. The Clerk of Court is directed to **CLOSE** this case.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELLED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 16, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record